THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BAWI HMUNG, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | Case No. CIV-25-1303-J |
| ) | |
| PAMELA BONDI et al., ) | |
| ) | |
| Respondents. ) | |

**REPORT AND RECOMMENDATION**

Petitioner Bawi Hmung seeks habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge Bernard M. Jones II has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Respondents filed a Response and Petitioner replied. (ECF Nos. 11 & 12). For the reasons set forth below, the undersigned recommends that the Court **GRANT** habeas relief to Petitioner and release him from custody immediately.

**I.     BACKGROUND**

Mr. Hmung is a citizen of Burma who was admitted to the United States in 2009 as a "Lawful Permanent Resident." (ECF No. 11-2). In 2023 and 2024, Petitioner was convicted of a variety of criminal charges and was incarcerated. (ECF No. 11-1:2). Following his release from the Indiana Department of Corrections on July 29, 2024, ICE officials took custody of Mr. Hmung and he was issued a Notice to Appear before an Immigration Judge on August 14, 2024 to effect Petitioner's removal based on the criminal convictions. *See* ECF No. 11-2. An Immigration Judge ordered Petitioner removed

to Burma, but granted deferral of removal under the Convention Against Torture on December 31, 2024 and Petitioner waived any appeal. (ECF Nos. 1:1, 11-3).

Mr. Hmung was never released on an Order of Supervision and attempts to remove him to several countries have failed. Respondents submit evidence in the form of a declaration from Deportation Officer Michael Thompson regarding the attempts. *See* ECF No. 11-1. According to Mr. Thompson, on January 7, 2025, ERO attempted to remove Hmung by requesting acceptance from Thailand, Malaysia, and Singapore. (ECF No. 11-1:2). Thailand denied Mr. Hmung entry on January 13, 2025. (ECF No. 11-1:2). On April 1, 2025, ERO then attempted to remove Hmung by requesting acceptance from New Zealand, Sweden and Switzerland. (ECF No. 11-1:3). Sweden denied entry on April 1, 2025, and Switzerland denied entry on April 3, 2025. (ECF No. 11-1:3). Mr. Thompson does not comment on the remaining requests to Malaysia, Singapore, and New Zealand, but Petitioner asserts that these requests have also been denied. (ECF Nos. 1:3, 11-1:3). Officer Thompson also states: "ERO is currently working with the Department of State for removal to a third country." (ECF No. 11-1:3).

## II.   PETITIONER'S CLAIMS

Mr. Hmung asserts four counts in the Petition. In Count One, Petitioner requests "declaratory judgment pursuant to 28 U.S.C. § 2201 that [he] is detained pursuant to 8 U.S.C. § 1231(a)(1)," "that [he] has sufficiently demonstrated that there is no significant likelihood of his removal in the reasonably foreseeable future ("NSLRRFF") so as to shift the burden to Respondents" "that ICE did not rebut [his] NSLRRFF showing and must therefore release him on an Order of Supervision in accordance with 8 C.F.R. § 241.5,"

and "that until ICE rebuts [his] NSLRRFF showing, [he] may not be redetained." (ECF No. 1:20-21).

In Count Two, Petitioner contends that his detention by Respondents violates the Immigration and Nationality Act and applicable ICE regulations. (ECF No. 1:21).

In Count Three, Petitioner asserts that his continued detention in excess of six months violates his "Fifth Amendment guarantee of due process" established in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) as Respondents have not rebutted his prior showing of no substantial likelihood of removal in the foreseeable future. (ECF No. 1:22).

In Count Four, Petitioner alleges that Respondents have violated the Administrative Procedures Act [APA] as "[their] decisions, which represent changes in the agencies' policies and positions, have considered factors that Congress did not intend to be considered, have entirely failed to consider important aspects of the case, and have offered explanations for their decisions that run counter to the evidence before the agencies." (ECF No. 1:23). Respondents are sued in their official capacities. (ECF No. 1:9-10).

## III. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he primary federal habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear ... challenges to the lawfulness of immigration-related detention." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are

properly brought directly through habeas."); *Head v. Keisler*, No. 07-CIV-402-F, 2007 WL 4208709, at *2 (W.D. Okla. Nov. 26, 2007) (determining that "[t]his Court has subject matter jurisdiction over" unconstitutional detention in an immigration-related § 2241 habeas petition).

Petitioner asserts that his continued detention violates 8 U.S.C. § 1231(a). (ECF No. 1). Under this statute, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The 90-day period is known as the "removal period." *Id.* After the removal period, ICE has discretion to detain inadmissible or criminal aliens. *Id.* § 1231(a)(6). However, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months beyond the removal period. *See Zadvydas*, 533 U.S. at 701; *see also Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005) (reiterating that "the reasonable period of post-removal detention is presumptively six months"). After that, a detainee may bring a habeas action to challenge his detention. *Zadvydas*, 533 U.S. at 688. "This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

Therefore, to obtain habeas relief, a petitioner has the initial burden to show the post-removal-order detention has surpassed six months and to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; *see also Soberanes*, 388 F.3d at 1311 ("If removal is not reasonably

foreseeable, the court should hold continued detention unreasonable." (citation modified)). "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Further, "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

## IV. PETITIONER'S CONTINUED DETENTION VIOLATES HIS FIFTH AMENDMENT DUE PROCESS RIGHTS

Mr. Hmung is entitled to immediate release based on a violation of his Due Process rights as discussed below.

### A.   Mr. Hmung has met his Initial Burden

Petitioner has met his initial burden under *Zadvydas* to: (1) establish his post-removal-order detention has surpassed six months and (2) show "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Notably, Petitioner is not required under *Zadvydas* to "show the absence of any prospect of removal—no matter how unlikely or unforeseeable," *id.* at 702, only that that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

As stated, Petitioner was ordered removed to Burma on December 31, 2024. (ECF Nos. 1-1, 11-3). Mr. Hmung waived any appeal, which made the decision administratively final and began the six-month presumptively reasonable removal period. *See* ECF No. 11-3:4, 8 C.F.R. § 1241.1(b) ("An order of removal made by the immigration judge ... shall

become final ... [u]pon waiver of appeal by the respondent.")). 8 U.S.C. § 1231(a)(1)(B) (noting that the removal period begins on the date the order of removal becomes "administratively final."). Over eleven months have now passed.

Further, Petitioner has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. "To meet the burden of establishing this, Petitioner must demonstrate the existence of either institutional barriers to repatriation or obstacles particular to his removal." *Dusabe v. Jones*, No. 24-464-SLP, 2024 WL 5465749, at *3 (W.D. Okla. Aug. 27, 2024), *adopted*, 2025 WL 486679 (W.D. Okla. Feb. 13, 2025). Here, Petitioner has identified several barriers and obstacles.

First, although Petitioner was ordered removed on December 31, 2024, the Immigration Judge deferred removal under the Convention Against Torture. (ECF No. 11-3).[1] This deferment is evidence of "a clear institutional barrier to [Petitioner's] repatriation." *See* ECF No. 20:10, *Sukhyani v. Bondi et al.*, Case No. CIV-25-1243 (W.D. Okla. Nov. 18, 2025), adopted, 2025 WL 3283274 (W.D. Okla. Nov. 25, 2025); *Trejo v.*

---

[1] CAT was implemented by the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub. L. No. 105-277, Div. G, Title XXII, § 2242, 112 Stat. 2681, 2681-822 (Oct. 21, 1998) (codified as Note to 8 U.S.C. § 1231, United States Policy with Respect to the Involuntary Return of Persons in Danger of Subjection to Torture). *See generally Nasrallah*, 140 S. Ct. at 1690 (discussing FARRA and CAT). CAT "prohibits removal to a country where an alien would probably face torture." *Ismaiel v. Mukasey*, 516 F.3d 1198, 1204 (10th Cir. 2008). "Relief under the CAT is mandatory if the convention's criteria are satisfied." *Id.*; *see also* 8 C.F.R. § 1208.16(c)(4) (providing that an alien meeting CAT's criteria "shall be granted," at a minimum, deferral of removal). "A claim under CAT differs from a claim for asylum or withholding of removal under the INA [Immigration and Nationality Act] because there is no requirement that the petitioner[ ] show that torture will occur on account of a statutorily protected ground." *Igiebor v. Barr*, 981 F.3d 1123, 1127–28 (10th Cir. 2020) (citation omitted).

*Warden of ERO El Paso East Mont.*, No. EP-25 CV-401, --- F. Supp. 3d. ---, 2025 WL 2992187, at *5 (W.D. Tex. Oct. 24, 2025) (finding that petitioner "identified a particular individual barrier to his repatriation to his country of origin—his grant of DCAT, which prevents his removal to El Salvador" (citation modified)); *Misirbekov v. Venegas*, No. 25-cv-00168, 2025 WL 2450991, *1 (S.D. Tex. Aug. 15, 2025) (finding that petitioner is likely to succeed in his habeas petition because he "provided good reason to believe that there is no significant likelihood of removal in the foreseeable future," as he could not be removed to his country of birth and "does not have citizenship nor any ties to any other country"); *see also Nadarajah v. Gonzales*, 443 F.3d 1069, 1081 (9th Cir. 2006) (recognizing that a grant of withholding of removal under the Convention Against Torture to a noncitizen "is a powerful indication of the improbability of his foreseeable removal, by any objective measure").

Second, Petitioner has demonstrated obstacles to his removal to a third country. Petitioner alleges, and Respondents do not dispute, that ICE has not secured travel documents for Petitioner from any country, despite six attempts to do so. *See supra*. Statements from Petitioner that attempts to effect third-country removal have been unsuccessful "provide good reason to believe that deportation to [is] not significantly likely in the reasonably foreseeable future." *Momennia v. Bondi*, 2025 WL 3011896, at *10 (W.D. Okla. Oct. 15, 2025), *adopted* 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025). Based on the forgoing, the Court should find that Petitioner has met his initial burden to demonstrate that there is no significant likelihood of his removal in the reasonably foreseeable future.

## B.  Respondents Have Not Met Their Burden

Once Petitioner has established six months of post-removal-order detention and "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. The Court should find that Respondents have not met their burden in this regard.

Respondents submit a declaration from ICE Deportation Officer Michael Thompson, who:

- Confirmed that three of six countries have refused acceptance of Petitioner;
- Provided no evidence that the remaining three country requests have agreed to accept Petitioner;
- Did not dispute Petitioner's claims that all six countries had refused travel documents for Petitioner; and
- Stated that "ERO is currently working with the Department of State for removal to a third country."

(ECF No. 11-1). Thus, beyond a single assertion that the ERO is "working [on]" Petitioner's removal, Respondents have presented no *evidence* that *any* country would be actually willing to take *Mr. Hmung*, and the mere possibility of repatriation to third countries, without concrete progress, is insufficient to justify continued detention. *See Momennia v. Bondi*, at *10 (W.D. Okla. Oct. 15, 2025) ("[M]ere intent to find a third country," absent "specific communications between the United States and an identified country" is "too speculative to permit indefinite detention"), *adopted*, 2025 WL 3006045 (W.D. Okla. Oct. 27, 2025); *See* ECF No. 20:15, *Sukhyani v. Bondi*, et al., Case No. CIV-25-1243 (W.D. Okla. Nov. 18, 2025) ("Respondents have not established [*the petitioner's*] removal to a

third country is significantly likely in the reasonably foreseeable future."); *Roble v. Bondi*, 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025) (finding insufficient the government's assertion that ICE "requested third country removal assistance from [Enforcement and Removal Operations] HQ"); *Hoac v. Becerra*, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) ("The fact that Respondents intend to complete a travel document request for Petitioner does not make it significantly likely he will be removed in the foreseeable future.").

Based on the forgoing, the Court should conclude that Respondents have failed to rebut Petitioner's showing that there is no significant likelihood of his removal in the reasonably foreseeable future and that he is being detained indefinitely in violation of the Fifth Amendment. Accordingly, the undersigned concludes that under *Zadvydas*, Petitioner is entitled to habeas relief and immediate release from custody. *See* 28 U.S.C. § 2241(c)(3).

## V. PETITIONER'S REMAINING CLAIMS

As stated, Petitioner also alleges that his re-detention was in violation of ICE's own regulations and the APA. *See supra*. But Because the undersigned recommends that the Court grant the Petition after finding Petitioner's indefinite detention violates his Fifth Amendment Due Process rights, the Court should decline to address Petitioner's other claims. *See Momennia v. Bondi*, No. CIV-25-1067-J, 2025 WL 3006045, at *1 n.1 (W.D. Okla. Oct. 27, 2025) (declining to decide whether ICE violated its own regulations by continuing to detain the petitioner because the Court adopted the conclusion that his indefinite detention violates his Fifth Amendment Due Process rights). Further,

considering the recommended relief, the undersigned declines to address Petitioner's other requests for injunctive and/or declaratory relief.

## VI.   RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the reasons set forth above, the undersigned recommends the Court grant Petitioner's request for habeas relief, and order his immediate release from custody. The undersigned further recommends that the Court order Respondents to submit a declaration pursuant to 28 U.S.C. § 1746 affirming that Petitioner has been released from custody.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **December 16, 2025**, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[2] The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

---

[2] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to seven days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker*, 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) (noting that "[t]he Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process").

## VII.   STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on December 9, 2025.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE